IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PARAGON AMERICA, LLC,                §
                                     §
                Plaintiff,           §
                                     §
V.                                   §        No. 3:14-cv-678-P-BN
                                     §
JAMES PRICE AND/OR ALL OTHER         §
OCCUPANTS,                           §
                                     §
                Defendants.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation that this case be remanded to state court.

**Background**

Defendant James Price, proceeding *pro se*, has removed this civil action arising out of eviction proceedings brought in state court by Plaintiff Paragon America, LLC to this Court. Plaintiff received a judgment for possession of the property at issue in Justice of the Peace Court. Rather than persist in his appeal of that judgment, Defendant filed a notice of removal on February 20, 2014 – one day before trial was to commence before the County Court at Law. *See* Dkt. No. 8.

In the Notice of Removal, Defendant alleges that the Court has jurisdiction over this matter based on diversity jurisdiction. *See* Dkt. No. 3 at 2-3. Additionally, in the

Notice of Removal, Defendant argues that the Court has jurisdiction under 28 U.S.C. § 1331 because "it involves a *federal question and issues* ... the taking of real property without due process, violating federal rules and laws, and it's a dispute over title issues of ownership where the value exceeds the value of $20.00, of who actually owns the note and deed." *See id.* (emphasis in original).

After reviewing the notice of removal, the undersigned *sua sponte* questioned whether removal is proper. As a result, the undersigned issued an order permitting Defendant to provide facts supporting the diversity jurisdiction and/or federal question jurisdiction alleged in Defendant's notice of removal. *See* Dkt. No. 7.

Plaintiff then timely filed a motion to remand on March 6, 2014, arguing that remand is required because, among other reasons, the Court lacks subject matter jurisdiction and the removal contravened 28 U.S.C. § 1441(b)(2)'s forum-defendant rule. *See* Dkt. No. 8. Defendant has not responded to the Court's order or filed a response to Plaintiff's motion to remand. The undersigned nevertheless concludes that remand is appropriate without the need to further await a response that would not change the determination that the removal of this action was defective because it contravened 28 U.S.C. § 1441(b)(2)'s forum-defendant rule and Defendant has failed to meet the burden to establish that jurisdiction exists over Plaintiff's forcible detainer action. Plaintiff's motion to remand [Dkt. No. 8] should be granted.

## Legal Standards and Analysis

### 28 U.S.C. § 1441(b)(2)'s Forum-Defendant Rule

The undersigned concludes that remand is appropriate on the basis of the forum-defendant rule, which Plaintiff has raised. *See* Dkt. No. 8 at 4. Defendant has represented that he is a citizen of Texas – the same state in which Plaintiff filed the underlying eviction proceeding. *See* Dkt. No. 3 at 4 & 9. And Defendant has not argued or established that he was not properly joined and served in the state court action. An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is defective). Accordingly, the case should be remanded for this reason alone.

Although the parties may be completely diverse, the case is nevertheless not properly subject to removal based on Section 1441(b)(2).

### Lack of Subject Matter Jurisdiction

In any event, the undersigned also concludes that remand is required because the Court lacks subject matter jurisdiction since the amount-in-controversy requirement was not met and no federal question jurisdiction exists.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. §

1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear a case of this nature only if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction).

*(A)      28 U.S.C. § 1332 Diversity Jurisdiction*

Defendant's Notice of Removal asserts that this Court has jurisdiction because this matter is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* Dkt. No. 3 at 3-4. That is because, according to Defendant, the fair market value of the property at issue exceeds $75,000. *See id.* at 3.

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). If no amount of damages has been alleged in the state court petition,

the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Vendor Res. Mgmt. v. Hernandez*, No. 3:13-cv-2892-G-BN, 2013 WL 5405463, at *2 (N.D. Tex. Sept. 26, 2013) (citing cases); *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012) (same), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012). The only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the property at issue.

Here, the record is devoid of any evidence or argument to establish the value of the right to possess or occupy the property or that the value of that right exceeds $75,000. Despite Defendant's claims, evidence of a property's fair market value is not evidence of the value of the right to possess the property for purposes of establishing the amount in controversy in a removed eviction proceeding. *See Fed. Nat'l Mortg. Ass'n v. Salako,* No 3:13-cv-722-O-BF, 2013 WL 1703570, at *2 (N.D. Tex. Mar. 27, 2013), *rec. adopted*, 2013 WL 1715315 (N.D. Tex. Apr. 19, 2013); *see also Wells Fargo Bank v. Matts,* No. 3:12-cv-4565-L, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) (collecting cases).

Accordingly, the undersigned concludes that Defendant has failed to satisfy his burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a).

(B)    *28 U.S.C. § 1331 Federal Question Jurisdiction*

Additionally, in the Notice of Removal, Defendant asserts that the Court has jurisdiction under 28 U.S.C. § 1331, and suggests that he intends to litigate certain alleged federal law issues in this case. *See* Dkt. No. 3 at 2-3. "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). That is, Section 1331 jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). To support removal, therefore, Defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter*, 44 F.3d at 366.

It appears that Defendant alleges a federal question based on a defense and/or a counterclaim that he seeks to litigate in response to Plaintiff's state court forcible detainer action. *See* Dkt. No. 3 at 2-6. But a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331..., counterclaims,

even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely

preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Here, despite listing a number of federal statutes and constitutional provisions that, in some other cases, might give rise to federal question jurisdiction, *see* Dkt. No. 3 at 2-5, Defendant has not shown that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. Defendant has not submitted any state court papers to suggest, much less show, that Plaintiff raised any federal law causes of action, questions, or issues in the state court proceedings.

And Defendant's overly broad understanding of federal jurisdiction as extending exclusive jurisdiction to any matter allegedly touching "securities and banking regulations," "financial institutions involved in the mortgage fraud area," "federally regulated institutions," and the like – and Defendant's belief that Plaintiff's state-court forcible detainer action somehow falls within any such exclusive jurisdiction – are simply incorrect and do not support federal question jurisdiction. *See* Dkt. No. 3 at 2-5; *Federal Nat'l Mortg. Ass'n v. Perez*, No. CV 13-01082 MMM (SHx), 2013 WL 1010535, at *3 (C.D. Cal. Mar. 14, 2013) ("With respect to the remaining statutes cited by Perez, e.g., the securities fraud statutes, the [Fair Debt Collection Practices Act], the civil rights statutes, the ESSA and the ARRA, they are neither expressly nor implicitly raised in plaintiff's complaint, and defenses and potential counterclaims will not support federal question jurisdiction."); *JP Morgan Chase Bank Nat'l Ass'n v. Collins*,

No. 3:13-cv-334-K-BH, 2013 WL 705134, at *2-3 (N.D. Tex. Jan. 28, 2013) (rejecting similar arguments in support of jurisdiction on removal), *rec. adopted*, 2013 WL 705882 (N.D. Tex. Feb. 26, 2013); *Federal Nat'l Mortg. Ass'n v. Watkins*, No. CV-12-577-PHX-GMS, 2012 WL 983680, at *1 (D. Ariz. Mar. 22, 2012) (holding that "[n]one of the federal statutes or Constitutional provisions cited by Defendants" – including the Real Estate Settlement Procedures Act and the Truth-in-Lending Act – "completely preempt Plaintiff's detainer claim").

Accordingly, Defendant has failed to satisfy his burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)).

Defendant has not alleged, much less shown, that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. And, because Defendant never provided to the Court any state court papers or otherwise responded to the Court's order, no documents establish any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action. *See U.S. Bank Nat'l Ass'n v.*

*McAfee*, No. 4:12-cv-804-A, 2013 WL 48500, at *1-*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Matts*, 2012 WL 6208493, at *4-*5 (same); *Federal Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action.").

Accordingly, Defendant has failed to satisfy the burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331.

For these reasons, the undersigned concludes that the Court lacks subject matter jurisdiction.

<u>Request for Attorneys' Fees</u>

Finally, because Defendant's removal was wrongful, Plaintiff seeks its attorneys' fees under 28 U.S.C. § 1447(c). *See* Dkt. No. 8 at 4. An award of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1447(c) is within the discretion of the trial court. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). Where Defendant is

proceeding *pro se*, the undersigned does not find that he had no "objectively reasonable grounds to believe the removal was legally proper." *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000); *see also Elliott*, 2010 WL 4627833, at *5 (declining to award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se* and proceeding *in forma pauperis*). The undersigned recommends that the Court decline to award Plaintiff's requested costs, expenses, and attorneys' fees.

## Recommendation

The undersigned concludes that the removal of the action *Paragon America, LLC v. Price*, Cause No. 13C-0284-2, was defective because it contravened 28 U.S.C. § 1441(b)(2)'s forum-defendant rule and, additionally, the Court lacks subject matter jurisdiction over this action, as removed and docketed as Case No. 3:14-cv-678-P-BN. Accordingly, the undersigned recommends that the Court grant Plaintiff's motion to remand [Dkt. No. 8] and remand the action to County Court at Law No. 2, Kaufman County, Texas, from which it was removed. Plaintiff's request for attorneys' fees under 28 U.S.C. § 1447(c) should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 28, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE